## Lou Ellen J. Peterson, Oliver C. Wysong, administrator de bonis non with the will annexed, of Jacob Abbott and Beulah C. Abbott, Walter T. Abbott and Ralph W. Abbott minors, by their guardian, v. William Abbott, a minor, by his guardian.

1. SUBROGATION—*Upon Residuary Estate.*—The devisee of a life estate is entitled to be reimbursed from the residuary real estate of the testator for the amount of a debt owing by the testator when he died, and which was paid by selling the real estate specifically devised to him.

2. SAME—*Powers of Courts of Equity.*—A court of equity has jurisdiction to subrogate the devisee of a life estate which has been sold under a mortgage given by the testator in his lifetime and securing his debt, to a lien upon the residuary real estate, in the absence of sufficient personal property belonging to the estate.

**Bill to Reimburse a Devisee.**—Trial in the Circuit Court of Fulton County; the Hon. JOHN A. GRAY, Judge, presiding. Decree for complainant; appeal by defendant. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

CHIPERFIELD, GRANT & CHIPERFIELD, attorneys for appellants.

"Where purely legal titles are involved and no other relief is sought, a court of equity will not assume jurisdiction to construe the will, but will remit the parties to their remedy at law." Whitman v. Fisher, 74 Ill. 147, 155.

H. W. MASTERS and D. ABBOTT, attorneys for appellee.

There being no personal property to pay the debts of said estate, the same became a charge upon the residuary estate. Heslop v. Gatton, Exr., 71 Ill. 528; Brooks v. Brooks, 65 Ill. App. 326; Reid v. Corrigan, 143 Ill. 402.

The appellants having failed and refused to pay the Culton debt, and appellee's legacy having been sold to pay same, he is subrogated to right to recover from said estate and residuary legatees. 1 Story's Eq. Jur., Sec. 633, 642 and 643; Redfield, Law of Wills, part 2d, 857; Constant v. Matteson, 22 Ill. 556; Meyer v. Mintonye, 106 Ill. 414.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was a bill in equity filed in the Circuit Court of Fulton County by the appellee, a minor, by his guardian, against Lou Ellen J. Peterson (nee Abbott), the widow of Jacob Abbott, deceased, Oliver C. Wysong, administrator *de bonis non* with the will annexed, of the estate of said deceased, Beulah C. Abbott, Walter T. Abbott, Ralph W. Abbott, minors, and Charles H. Stanley, their guardian, who together constitute the appellants.

The appellee is the devisee of a life estate in certain real estate specifically given him by the will of his father, the said Jacob Abbott, deceased; and the appellants Beulah, Walter and Ralph Abbott, are the devisees of the residuary real estate mentioned in said will, subject to the dower and homestead rights therein of the appellant, Lou Ellen J. Peterson, as surviving widow of the testator, and the appellant Oliver C. Wysong is the administrator *c. t. a.* of the estate of the testator.

By the bill, as amended by leave of court, the appellee sought to be reimbursed from the residuary real estate given in the will of his father to the appellants Beulah, Walter and Ralph Abbott, for the amount of a debt of $879.76, owing by the father when he died, and which was paid by selling the real estate specifically devised to appellee, under a mortgage given by the testator in his lifetime and securing said debt; and the bill also sought to obtain a construction of the will.

The appellants answered the amended bill, and appellee filed a replication thereto, and after a hearing, the court found for the appellee and granted him the relief prayed for, with costs.

The appellants bring the case to this court by appeal, and insist that the decree so rendered should be reversed for the reasons (1) that a court of equity has no jurisdiction of the claim made by appellee in his bill, as the same is purely of a legal nature, and (2) that the findings and decree are contrary to the evidence.

The bill averred, and the evidence showed, that Jacob Abbott, at the time of his death, owned and possessed the

real estate described in the bill, and that he died testate, leaving a last will and testament, which was duly proven and declared to be his will by the County Court of Fulton County, Illinois. By the terms of said will the testator, among other things, required all his just debts, including funeral expenses, to be fully paid; that he devised espe- cially to the appellee, during his natural life, certain of his said real estate (describing it); that he bequeathed to his wife, Lou Ellen Abbott (now Peterson), one of the appel- lants, all his household goods, wearing apparel, and his horse and buggy, which constituted all the personal prop- erty he owned at the time of his death; that he devised and bequeathed to his children, Beulah, Walter T., and Ralph W. Abbott, three of the appellants, all the rest and residue of his property, both real and personal, share and share alike, subject only to the rights of his wife to have her dower and homestead in his whole estate; that he appointed his said wife executrix of his will, and she qualified as such before the County Court of Fulton County, where his will was probated, and acted as such executrix for some time, but was afterward by that court removed from the office of such executrix, and the court then appointed Oliver C. Wy- song, one of the appellants, administrator *de bonis non* with the will annexed of said estate, and he qualified and is now acting as such.

The evidence shows that the testator, after he made his will, and before he died, his wife joining therein, mortgaged the real estate which he specifically gave by his will to the appellee for life, to secure the payment of a note which he owed, for $800, with interest; and he also mortgaged the remainder of his real estate (which constituted the residu- ary real estate mentioned in his will) for the sum of $4,200, which he owed.

The testator, when he died, left no other personal prop- erty but that specifically given, by his will, to his wife; and he also left the two mortgage debts above named, unpaid.

While Lou Ellen J. Abbott (now Peterson) was acting as such administratrix, she borrowed money by the order of

said County Court and paid all the debts owing by the testator, except the note for $800 and interest. The guardian of the appellee requested her to pay that also, and. relieve the land devised to his ward therefrom, but she refused to do so. Afterward, the holder of the $800 note, which then amounted, with interest, to $879.76, foreclosed the mortgage securing same, and the real estate specifically devised to the appellee, for his lifetime, was sold under that foreclosure decree; and there being no redemption the title to the same passed by master's deed to the purchaser; so that the appellee lost the life estate given him therein by the will.

The residuary real estate is shown by the evidence to be worth about $16,600, and that in which the appellee was given a life estate, to be worth about $2,500.

We think the court, under these circumstances, had jurisdiction to subrogate appellee to a lien upon the residuary real estate mentioned in the testator's will, as it did, because in the absence of sufficient personal property belonging to the testator's estate, such residuary real estate was charged with paying his debts; and as the real estate in which the appellee was specifically given a life estate by the will, had been taken from him to discharge a $879.76 debt owing by the testator when he died, appellee, as special devisee, was entitled to be reimbursed to that extent; and incidentally to granting him that relief, the court could properly construe the will, which was prayed for by the bill.

The averments of the amended bill and the evidence produced on the hearing, we think, warranted the findings and the decree that was rendered by the trial court in this case, and it is therefore affirmed. Decree affirmed.